UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-315-FDW

| | | |
|---|---|---|
| JENYON R. McELVINE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| KEN BEAVER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Defendants William Rogers and Edward Gazoo's Motion to Dismiss for Failure to Exhaust Administrative Grievances re: PLRA, (Doc. No. 20), and *pro se* Plaintiff's Motions to Appoint Counsel, (Doc. Nos. 36, 38), and Motion to Compel Discovery, (Doc. No. 41).

## I. BACKGROUND

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Lanesboro Correctional Institution. The Complaint passed initial review against Defendants Gazoo and Rogers for the use of excessive force and against Gazoo and Rorie for due process violations. (Doc. Nos. 1, 10). Defendants Rogers and Gazoo have filed a Motion to Dismiss Plaintiff's excessive force claim, but not his due process claim, for failing to properly exhaust the available administrative remedies.

**(1)** **Complaint** (Doc. No. 1)

Plaintiff alleges that Defendants Rorie and Gazoo knew that Plaintiff was being moved to a close custody classification pod to punish him, without first having a classification hearing or disciplinary board hearing which violates NCDPS prison policy and procedures. Rorie used her

1

job and power over housing to discriminate against Plaintiff.

Three days later, on September 29, 2016, Defendant Rogers assaulted Plaintiff by kicking his face and head with his boots and punching Plaintiff's face while Plaintiff was fully restrained in handcuffs, leg cuffs, and a waist chain, and lying on the floor. The kicks could have caused life-threatening injury and left him with continuing pain, a swollen eye, bruising that lasted for months, and permanent eye damage. Gazoo was "involved in assaulting and seriously injuring Plaintiff['s] … face and eyes on 9/29/16." (Doc. No. 1 at 2). Defendant Beaver is legally responsible for the operation of Lanesboro and the welfare of all inmates. Beaver was standing outside the holding cell at Lanesboro and asked Gazoo if he had seen what happened and what he was going to do about it.

Plaintiff requested medical attention for the pain and swelling to his eyes on September 29, 2016. He was prescribed aspirin for his bruised and swollen eyes. Beaver had "full knowledge of [Plaintiff's] physical conditions" and failed to get him an optometrist appointment. (Doc. No. 1 at 3). Plaintiff has no vision in his left eye, pain in his nose, and his right eye was clogged with vision coming and going. He had a swollen body and a fractured eye socket, which Beaver and Gazoo knew, yet they refused to have him properly evaluated.

Plaintiff was transferred to Polk C.I. on September 30, 3016, a high security "Supermax" control prison as punishment without due process. (Doc. No. 1 at 4).

He seeks declaratory injunction, preliminary and permanent injunction, compensatory and punitive damages, a jury trial, costs, and any relief the Court deems just, proper, and equitable.

**(2)** **Motion to Dismiss** (Doc. No. 20)

Defendants Rogers and Gazoo argue that Plaintiff failed to exhaust his administrative remedies with regards to the excessive force/failure to protect claim prior to filing his Complaint.

Plaintiff was fully aware of the administrative remedy procedure because it is part of inmate orientation, it is explained orally to each inmate, and Plaintiff exhausted a grievance with regards to the due process claim but not the excessive force claim. To the extent that Plaintiff filed a grievance related to the due process claim, it was not timely, and therefore he Plaintiff never properly presented his due process claim to NCDPS for resolution through available administrative procedures before filing his Complaint. Defendants Rogers and Gazoo argue that the excessive force claim should be dismissed because Plaintiff has failed to satisfy the PLRA's exhaustion requirement and the excessive force/failure to protect claims should be dismissed with prejudice.

**(3)** **Plaintiff's Response** (Doc. No. 32)

The Court issued an Order on January 28, 2019 pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), instructing Plaintiff regarding his right to respond to Defendants' Motion and cautioning Petitioner that failure to do so may result in the relief they seek. (Doc. No. 26).

Plaintiff argues that he filed an administrative claim with NCDPS and it was denied, and that "the agency failed to properly respond to the administrative claim." (Doc. No. 32 at 2). Plaintiff claims that he "attempted to make a valid complaint about the issues he wanted to sue over." (Doc. No. 43 at 2). He cites case law for various legal propositions including that a prisoner does not need to show in the complaint that he has exhausted all administrative procedures and that *pro se* parties should be treated with leniency.

**(4)** **Defendants' Reply** (Doc. No. 33)

Defendants argue that the case law cited by Plaintiff is inapplicable to the instant case, that he failed to exhaust the available administrative remedies with regards to the excessive force claim, and that the failure to exhaust was through his own inactions and that it cannot be said that he was prevented from exhausting his administrative remedies with regards to that claim. Defendants

3

assert that the excessive force claim should be dismissed with prejudice because the 90-day time period within which he could file a grievance related to that claim has expired.

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses," Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir.1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor does a court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009).

## III. DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. The PLRA's exhaustion requirement applies to all inmate suits about prison life. Porter v. Nussle, 534 U.S. 516 (2002). Exhaustion is mandatory. Id. at 524 (citation omitted); Jones v. Bock, 549

U.S. 199, 211 (2007). Exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id. A prisoner is not entitled to exhaust administrative remedies during the pendency of an action. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). The PLRA requires "proper" exhaustion, that is, "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)).

"The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218. It is well settled that a grievance does not have to mention a defendant by name so long as the grievance gives the defendant fair notice of the claim. See Moore v. Bennette, 517 F.3d 717, 729 (4th Cir. 2008) (NCDPS's administrative remedy procedure does not require a plaintiff to name each defendant in his grievances). However, regardless of whether a particular defendant is named in a grievance, if the grievance fails to give prison authorities fair notice of, and the opportunity to address, the problem that will later form the basis of the suit against that defendant, dismissal of that defendant is appropriate. See Davidson v. Davis, 2015 WL 996629 at *3 (W.D.N.C. Mar. 6, 2015) (citing Johnson v. Johnson, 385 F.3d 503, 516-17 (5th Cir. 2004)).

NCDPS policy has a three-step administrative remedy procedure that requires an inmate to complete all three steps.[1] Each step of grievance review has a time limit during. NCDPS Policy & Procedures .0307(f). A grievance may be rejected at any level if there has been a time lapse of more than 90 days between the alleged event and submission of a grievance. NCDPS Policy &

---

[1] The Court takes judicial notice of this portion of NCDPS's Policy and Procedures as a matter of public record. See Fed. R. Ev. 201.

Procedures .0306(c)(2). If an inmate does not receive a response within the time to do so at any step, the absence of a response is deemed a denial which the inmate may then appeal. NCPS Policy & Procedures .0307(f)(5).

Defendants argue that Plaintiff did not exhaust any grievances addressing the excessive force/failure to protect claims against Defendants Gazoo and Rogers and that any grievance addressing these alleged actions would now be time-barred. Plaintiff filed a Response citing general case law and asking for leniency but offers no clear explanation for his failure to pursue remedies through all levels of the grievance process in accordance with NCDPS Policy & Procedure, which provides for appeal notwithstanding the lack of a timely response. Plaintiff has failed to put NCDPS on fair notice of his excessive force claims against the Defendants. Further, he does not dispute Defendants' assertion that any attempt to exhaust the claims against them would now be time-barred. Defendants Gazoo and Rogers' Motion to Dismiss will therefore be granted, and the Complaint will be dismissed with prejudice as to Defendants Gazoo and Rogers.

**IV. PENDING MOTIONS**

**(1) Appointment of Counsel**

Plaintiff's Motions to Appoint Counsel, (Doc. Nos. 36, 38), allege that he is unable to afford counsel, his imprisonment will greatly limit his ability to litigate, the issues are complex and will require significant research and investigation, Plaintiff has limited or no access to a law library and limited knowledge of the law, a trial will involve conflicting testimony that counsel would be better able to present, and Plaintiff has made efforts to obtain a lawyer.

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v.

Simmons, 814 F.2d 962, 966 (4th Cir. 1987).

This case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's Motion to Appoint Counsel will be denied.

**(2)** **Motion to Compel**

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947). Whether to grant or deny a motion to compel is generally left within the district court's broad discretion. Va. Dep't of Corr. v. Jordan, 921 F.3d 180 (4th Cir. 2019).

Plaintiff filed a Motion to Compel Discovery pursuant to the prisoner mailbox rule on July 9, 2019, after the discovery cutoff date. (Doc. Nos. 41, 25). He asks the Court to compel "Law enforcement and Attorney General to provide complete discovery in this case pursuant to Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution [and] Brady v. Maryland…." (Doc. No. 41 at 1). He recounts the alleged facts and lists his discovery demands. He also requests a pretrial hearing and the imposition of sanctions if the Attorney General fails to comply.

Plaintiff's Motion to Compel was filed outside the discovery cutoff date, and he has failed to show the existence of good cause. His request for a pretrial hearing is premature as the deadline to file dispositive motions has not yet expired. See (Doc. No. 40). Plaintiff's Motion to Compel Discovery will therefore be denied.

**V.     CONCLUSION**

In sum, for the reasons stated herein, Defendants Gazoo and Rogers' Motion to Dismiss for Failure to Exhaust Administrative Grievances re: PLRA is granted with prejudice. Plaintiff's Motions to Appoint Counsel and Motion to Compel Discovery are denied.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants Gazoo and Rogers' Motion to Dismiss for Failure to Exhaust Administrative Grievances re: PLRA, (Doc. No. 20), is **GRANTED** with regards to Plaintiff's excessive force claim.

2. The Clerk of Court is instructed to terminate this action with regards to Defendant Rogers.

3. Plaintiff's Motions to Appoint Counsel, (Doc. Nos. 36, 38), are **DENIED**.

4. Plaintiff's Motion to Compel Discovery, (Doc. No. 41), is **DENIED**.

Signed: July 16, 2019

Frank D. Whitney
Chief United States District Judge